IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

THOMAS A. KEARNEY,

       Plaintiff,         Civil Action No.
                               1:14-CV-1446 (GLS/DEP)

  v.

BRIAN KOZLOSKI, *et al.*,

       Defendants.

---

APPEARANCES:         OF COUNSEL:

FOR PLAINTIFF:

THOMAS A. KEARNEY, *Pro Se*
02B0600
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

FOR DEFENDANTS:

[NONE]

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiff Thomas A. Kearney, who is currently a New York State prison inmate, has commenced this action against several defendants, pursuant to 42 U.S.C. § 1983 and New York common law,

based upon events predating his current period of incarceration. Generally, plaintiff alleges that he was falsely accused of, and prosecuted for, an assault and a violation of his state parole, and that the defendants conspired to orchestrate his prosecution when he failed to agree to act as an informant. Plaintiff's complaint asserts claims of false arrest, malicious prosecution, conspiracy, due process, and extortion.

Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for consideration. Based upon my review of those documents, plaintiff's IFP application will be granted, and I recommend that plaintiff's extortion claim be dismissed but his complaint be otherwise accepted for filing.

I.  BACKGROUND

Plaintiff is a New York State prison inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") and is currently confined at the Auburn Correctional Facility ("Auburn"), located in Auburn, New York. Dkt. No. 2 at 1. His current period of incarceration stems from his admission of a parole curfew violation and agreement to accept a thirteen-month sentence of incarceration based upon that violation. Dkt. No. 1 at 18.

Plaintiff commenced this action by the filing of a complaint,

accompanied by an IFP application, on November 26, 2014. Dkt. Nos. 1, 2. Plaintiff's complaint names various defendants, including Brian Kozloski, a sergeant with the Catskill Police Department; Joseph Carey, S. Casamassima, Michael Hobb, and Scott Baily, four DOCCS parole officers; Richard Kratzenberg, identified as a DOCCS preliminary hearing officer;[1] David Darling, Chief of the Catskill Police Department; Greene County Sheriff Seeley; the Village of Catskill; the County of Greene; and an individual identified only as "John Doe 1." Dkt. No. 1 at 1, 2-3. Plaintiff's complaint, which contains detailed factual allegations, recounts a sequence of events leading to his arrest and prosecution for assault and a parole violation, allegedly in response to his refusal to provide information concerning an assault and a video posting to plaintiff's Facebook account that apparently evinced the assault. *See generally* Dkt. No. 1. Although

---

[1] The complaint alleges that, during the course of a preliminary hearing conducted to address alleged parole violations committed by the plaintiff, defendant Kratzenberg accepted false documentation, refused to consider exculpatory evidence, ignored allegations by plaintiff concerning an unlawful arrest warrant, and actively requested that a Greene County jail employee remove a defective warrant from the County's files. Dkt. No. 1 at 14-16. Although he does not explicitly include such a cause of action at the conclusion of his complaint, plaintiff alleges that his due process rights were violated by defendant Kratzenberg. *Id.* at 15. As a DOCCS preliminary hearing officer, Kratzenberg may be entitled to absolute immunity from suit. *Erwin v. Russi*, No. 97-CV-5818, 1998 WL 474096, at *2 (S.D.N.Y. Aug. 11, 1998) (citing cases). It is not clear at this early juncture, however, that dismissal of any claims against defendant Kratzenberg is appropriate on the basis of immunity. The court makes no ruling concerning the merits of such a defense, which may be raised during the course of a dispositive motion in the case or at trial.

assault charges were lodged against plaintiff, one in Catskill Village Court for third degree assault and the other in the form of a parole violation, both were ultimately dismissed. *Id.* at 18.

Liberally construed, plaintiff's complaint asserts six causes of action, including (1) false arrest; (2) conspiracy to commit false arrest; (3) malicious prosecution; (4) conspiracy to commit malicious prosecution; (5) extortion; and (6) violation of due process.[2] Dkt. No. 1 at 15, 19-22. As relief, plaintiff seeks nominal, compensatory, and punitive damages.[3] *Id.* at 22-23.

## II. DISCUSSION

### A. IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid.[4] 28

---

[2] The complaint explicitly asserts only the first five causes of action. Dkt. No. 1 at 19-22. Mindful of my obligation to construe a *pro se* litigant's complaint liberally, however, I find that his complaint asserts a due process violation, as well, in connection with his parole revocation hearing. Dkt. No. 1 at 15.

[3] Plaintiff's complaint also purports to request injunctive relief. Dkt. No. 1 at 23. It is doubtful that the court possesses the authority to grant the requested injunctive relief, which includes a directive that the DOCCS, which is not a party to this action, close its office physically located within the Catskill Police Department, and an order restraining defendants Carey and Casamassima from being further involved in plaintiff's parole supervision. Dkt. No. 1 at 23.

[4] The total cost for filing a civil action in this court is $400.00 (consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00).

4

U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). In this instance, because I conclude that plaintiff meets the requirements for IFP status, his application for leave to proceed IFP is granted.[5]

    B.    <u>Sufficiency of Plaintiff's Complaint's Complaint</u>

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint. This duty is imposed under 28 U.S.C. § 1915(e) which directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action

---

Although an inmate granted IFP status is not required to pay the $50.00 administrative fee, he is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. *See* 28 U.S.C. § 1915(b)(3).

[5]    Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

5

in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) ("We have found both sections [1915 and 1915A] applicable to prisoner proceedings in forma pauperis.").

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of pro se litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may sua sponte dismiss a

frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

With the exception of plaintiff's claim of extortion, when liberally construed, and without commenting on whether the complaint may withstand a properly filed motion to dismiss, I find that plaintiff's complaint alleges sufficient facts to pass initial review under section 1915(e). Because extortion is a federal crime, however, and there is no cognizable

civil counterpart, I recommend that plaintiff's extortion claim be dismissed.[6] *See Naples v. Stefanelli*, 972 F. Supp. 2d 373, 401 (E.D.N.Y. 2013) ("[In New York,] extortion is a criminal offense, and may not be plead as a separate cause of action in a civil case." (citations omitted)); *Mathon v. Feldstein*, 303 F. Supp. 2d 317, 325 (E.D.N.Y. 2004) ("[E]xtortion is a federal crime and there is no federal statute creating a private civil cause of action for extortion." (alterations and quotation marks omitted)).

III. <u>SUMMARY AND RECOMMENDATION</u>

Plaintiff's IFP application appears to be proper and well-supported and is therefore granted. Turning to a review of plaintiff's complaint, I conclude that, with the exception of the claim of extortion, it is not subject to dismissal at this juncture under the generous standard of review applicable under 28 U.S.C. § 1915(e). Based upon the foregoing, it is hereby

ORDERED that plaintiff's application for leave to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further

ORDERED that the clerk of the court serve a copy of this report and

---

[6] Although the court acknowledges its duty to permit a *pro se* litigant to amend his complaint at least once, I need not extend an opportunity to amend where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). In this case, because plaintiff's civil extortion claim is not cognizable under either New York or federal law, I find that granting plaintiff leave to amend would be futile.

8

recommendation upon the parties in accordance with this court's local rules; and it is further hereby respectfully

RECOMMENDED that, with the exception of the claim of extortion, plaintiff's complaint be accepted for filing; and it is further

RECOMMENDED that plaintiff's extortion claim be dismissed with prejudice; and it is further

RECOMMENDED that, in the event this report is adopted by the assigned district judge, a further order be issued as follows:

(1) Upon receipt from plaintiff of a separate summons and a copy of the complaint for each defendant, along with a USM-285 Form for each defendant, as required by the United States Marshal Service for service, the clerk of the court shall issue summonses and forward them, together with copies of the complaint, along with packets containing General Order No. 25, which sets forth this district's civil case management plan, to the United States Marshal for service upon the defendants. In addition the clerk is respectfully directed to forward a copy of the summonses and complaint by mail to the offices of the Village of Catskill Attorney and Greene County Attorney.

(2) The clerk is respectfully directed to provide the DOCCS with a copy of the plaintiff's authorization form and notify that agency that this

action has been filed and that plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915.

(3) The clerk is respectfully directed to provide a copy of plaintiff's authorization form to the financial deputy of the clerk's office.

(4) The clerk is respectfully requested to schedule a Rule 16 conference, to be held in this matter by telephone in light of plaintiff's current incarcerated status.

(5) A response to plaintiff's complaint shall be filed by the defendants or their counsel as provided for in the Federal Rules of Civil Procedure following service of process upon the defendants.

(6) All pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the court or the clerk must be accompanied by a certificate showing that a true and correct copy of same was mailed to all opposing parties or their counsel. Any document received by the clerk or the court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned, without processing.** Plaintiff must comply with any requests by the clerk's

Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned district judge with proper allowance for notice as required by the Rules. **<u>Plaintiff is also required to promptly notify the clerk's office and all parties or their counsel of any change in plaintiff's address; his failure to do so will result in the dismissal of this action.</u>**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

Dated: December 29, 2014
Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge